IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDUARDO MARRERO, *a/k/a* HECTOR LOPEZ, <br><br> *Plaintiff,* <br><br> v. <br><br> RICHARD ROSS, JR., *et al.*, <br><br> *Defendants.* | CIVIL ACTION <br> NO. 18-2884 |

**PAPPERT, J.**                                                      August 15, 2019

**MEMORANDUM**

*Pro se* Plaintiff Eduardo Marrero, also known as Hector Lopez, sued Philadelphia Police Commissioner Richard Ross, Jr., the "Philadelphia Strike Task Force" and three unnamed Task Force officers for violating his rights under 42 U.S.C. § 1983, the United States Constitution and Pennsylvania law. (Compl., ECF No. 2.) On July 9, 2018, Marrero filed an application for leave to proceed *in forma pauperis*, (ECF No. 1), which was denied without prejudice on July 16, 2018 for failure to file a certified copy of his prisoner account statement, (ECF No. 5). On August 10, 2018, Marrero filed that statement and also moved for appointment of counsel. (ECF Nos. 7–8.) Three days later, the Court granted him leave to proceed *in forma pauperis* and referred his case to the Prisoner Civil Rights Panel for possible appointment of counsel.[1] (ECF Nos. 9–10.)

---

[1] On April 10, 2019, the Court informed Marrero that his case had not been selected by a member of the Volunteer Attorney Panel. *See* (ECF No. 21). The docket reflects that, for whatever reason, Marrero did not receive the April 10 letter. *See* (ECF No. 22).

1

On March 15, 2019, Marrero provided the Court with an updated address. *See* (ECF No. 17). Defendants moved to dismiss Marrerro's Complaint for failure to state a claim on March 25, 2019, arguing that Marrero failed to allege Commissioner Ross's personal involvement in the activity giving rise to his claims and that the Philadelphia Strike Task Force was a governmental subunit and not amenable to suit under § 1983. (Mot. Dismiss, ECF No. 18.) The Court issued an Order on May 30, 2019, directing Marrero to respond to Defendants' Motion by July 1, 2019 and advising him that his case would be dismissed for failure to prosecute if he did not do so. (ECF No. 23.) After Marrero failed to respond, the Court issued a second Order on July 11, 2019 telling him to respond by August 9, 2019 and warning again of dismissal for failure to prosecute. (ECF No. 24.) There is nothing on the docket to indicate that Marrero did not receive Defendants' Motion or the Court's Orders. Marrero has not responded to the Court's Orders or communicated with the Court in any way over the last five months and his case is dismissed with prejudice.

I

Federal Rule of Civil Procedure 41(b) permits a court to dismiss a suit for failure to prosecute. FED. R. CIV. P. 41(b). Courts may dismiss a case with prejudice to enable them to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Spain v. Gallegos*, 26 F.3d 439, 454 (3d Cir. 1994). Before dismissing a case as a sanction for a party's litigation conduct, a court typically must balance the six factors in *Poulis v. State Farm Fire & Casualty Co.*:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other

than dismissal, which entails an analysis of alternate sanctions and (6) the meritoriousness of the claims or defenses.

747 F.2d 863, 868 (3d Cir. 1984). There is no "magic formula" or "mechanical calculation" when analyzing these factors. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (citations omitted). "[N]o single [ ] factor is dispositive." *Id.*

In *Hildebrand v. Allegheny County*, the Third Circuit Court of Appeals emphasized its strong policy favoring decisions on the merits and cautioned that dismissal with prejudice is an "extreme sanction" and "a sanction of last, not first, resort." 923 F.3d 128, 132 (3d Cir. 2019) (citations omitted). Close calls should "be resolved in favor of reaching a decision on the merits." *Id.* (citing *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 870 (3d Cir. 1994)). Nonetheless, the Third Circuit "has not hesitated to affirm the district court's imposition of sanctions, including dismissals in appropriate cases." *Id.* (citing *Poulis*, 747 F.2d at 867 n. 1).

II

On balance, dismissal is warranted in this case. As a *pro se* litigant, Marrero bears personal responsibility for failing to comply with the Court's May 30 and July 11 Orders. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (finding that failure to comply with the court's orders could not be blamed on counsel when plaintiff was proceeding *pro se*). Both Orders warned that the failure to respond would result in dismissal of the case. *See* (ECF Nos. 23 & 24).

With respect to the second *Poulis* factor, prejudice to the adversary does not mean "irremediable harm." *Hildebrand*, 923 F.3d at 134 (*quoting Ware v. Rodale Press Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)). Although Marrero's failure to respond to

3

Defendants' Motion to Dismiss has stalled the resolution of his claims, the Court has no information suggesting his delay is a source of substantial prejudice to Defendants. *See Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984) (offering examples of prejudice such as the "irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party").

The third *Poulis* factor calls for dismissal. Courts must evaluate "'a party's problematic acts . . . in light of [his] behavior over the life of the case.'" *Adams* 29 F.3d at 875. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Id.* at 874. Failure to prosecute does not require that a plaintiff take "any positive steps to delay trial," and "[i]t is quite sufficient if he does nothing." *Id. at* 875 (citations omitted). Here, Marrero has been inactive in the case for five months and has failed to comply with two Court Orders. *See* (ECF Nos. 23 & 24).

Marrero's conduct suggests, at the very least, that he no longer cares to proceed in the case. The fourth *Poulis* factor centers on "'the type of willful or contumacious behavior' that can be characterized as 'flagrant bad faith,' such as failing to answer interrogatories for nearly a year and a half, demanding numerous extensions, ignoring admonitions by the court, and making false promises to correct delays." *Hildebrand*, 923 F.3d at 135 (citations omitted). "'Willfulness involves intentional or self-serving behavior.'" *Id.* (quoting *Adams*, 29 F.3d at 875). Marrero's repeated failures to respond seemingly demonstrate an intentional abandonment of his claims. *See Mohler v. Synchrony Bank*, 4:17-CV-02260, 2019 WL 2127349, at *4 (M.D. Pa. Apr. 29, 2019),

*report and recommendation adopted*, 4:17-CV-2260, 2019 WL 2126700 (M.D. Pa. May 15, 2019) (finding that after not communicating with the court for over six months "[plaintiff's] silence and failure to litigate this action lead to an inference that he has willfully abandoned this case.").

In light of Marrero's *in forma pauperis* status, the fifth *Poulis* factor weighs strongly in favor of dismissal. Alternative sanctions short of dismissal—such as fines, costs, or an award of attorneys' fees—cannot be imposed. *See Emerson*, 296 F.3d at 191 (upholding a finding that monetary sanctions were not alternative to dismissal where the plaintiff was proceeding *in forma pauperis*).

As pled, the case is not meritorious and the sixth factor tilts toward dismissal as well. The standard for determining whether a plaintiff's claims are meritorious "is moderate." *Hildebrand v. Allegheny Cty.*, 923 F.3d at 137 (quoting *Adams*, 29 F.3d at 876); *see also Briscoe*, 538 F.3d at 263 ("[W]e use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." (citing *Poulis*, 747 F.2d at 869–70)). Marrero alleges that Defendants acted negligently, racially profiled him, falsely arrested him and caused him emotional distress. *See* (Compl. at 4–6). However, for example, he names only one defendant, Commissioner Ross, yet alleges no personal involvement by the Commissioner in any aspect of what allegedly happened. Additionally, he cannot sue the Philadelphia Strike Task Force because it is not a "person" subject to liability under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Jackson v. City of Erie Police Dep't*, 570 Fed. App'x 112, 114 n.2 (3d Cir. 2014). Even if the Court were to construe his claims to be against the City of Philadelphia, Marrero fails to allege any policies or customs that caused the alleged

constitutional violations. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003).

In sum, five of the *Poulis* factors—personal responsibility, a history of dilatoriness, willful conduct, the unavailability of alternative sanctions and the meritoriousness of Marrero's claims—favor dismissal. As the Third Circuit recently reiterated, "[n]one of the *Poulis* factors is alone dispositive" and "not all of the factors need to be satisfied to justify dismissal." *Hildebrand*, 923 F.3d at 132. The Court accordingly dismisses the case with prejudice for failure to prosecute.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.